UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

I.M., An Infant by her Mother and Natural Guardian, DANIELLE HARTMANN, and DANIELLE HARTMANN, Individually,

Plaintiffs,

v.

UNITED STATES OF AMERICA, ORANGE REGIONAL MEDICAL CENTER, RAJA SENGUTTUVAN, M.D., AMANDA HINES, N.P., KIRANKUMAR KANTAL KOTHARI, M.D., NORTH AMERICAN PARTNERS IN ANESTHESIA, L.L.P., and ALICE BACH BAST, R.N.,

Defendants.

**ORDER OF DISMISSAL WITH PREJUDICE**

**16 Civ. 7608 (DEW)**

WHEREAS, on or about December 5, 2019, Plaintiffs I.M., an infant, by her mother and natural guardian Danielle Hartmann, and Danielle Hartmann, individually ("Plaintiffs"), and Defendant the United States of America ("the United States") entered into an agreement to settle and compromise each and every claim of any kind between them, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action;

WHEREAS, the complete and precise terms and conditions of the settlement are set forth in the Stipulation for Compromise Settlement and Release of Federal Tort claims Act Claims Pursuant to 28 U.S.C. § 2677 (the "Stipulation"), attached hereto as Exhibit A;

WHEREAS, Plaintiffs and the United States (together, the "Settling Parties") entered into the Stipulation for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation;

WHEREAS, the Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and the United States specifically denies that it is liable to Plaintiffs;

WHEREAS, pursuant to the terms of the Stipulation, Plaintiffs now request that the Court enter this Dismissal Order, as that term is defined in the Stipulation;

IT IS THEREFORE ORDERED that each of the Parties bear its own costs, expenses, and fees; and it is further

ORDERED that following its entry of this Order, the Court will not retain jurisdiction over the settlement between the United States and Plaintiffs or over the United States; and it is further

ORDERED, that the above-captioned cause of action against the United States is dismissed in its entirety with prejudice, with causes of action against the other Defendants remaining.

Dated: December 6, 2019

*/s/ Donald E. Walter*
HON. DONALD E. WALTER
United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

I.M., An Infant by her Mother and Natural
Guardian, DANIELLE HARTMANN, and
DANIELLE HARTMANN, Individually,

Plaintiffs,

v.

16 Civ. 7608 (KMK)

UNITED STATES OF AMERICA, ORANGE
REGIONAL MEDICAL CENTER, RAJA
SENGUTTUVAN, M.D., AMANDA HINES,
N.P., KIRANKUMAR KANTAL KOTHARI,
M.D., NORTH AMERICAN PARTNERS IN
ANESTHESIA, L.L.P., and ALICE BACH
BAST, R.N.,

Defendants.

## STIPULATION FOR COMPROMISE SETTLEMENT AND RELEASE OF FEDERAL TORT CLAIMS ACT CLAIMS PURSUANT TO 28 U.S.C. § 2677

It is hereby stipulated by and between the undersigned Plaintiffs, I.M., an infant by her mother and natural guardian Danielle Hartmann, and Danielle Hartmann, individually, (hereinafter "Plaintiffs"), and the Defendant, United States of America, including its agents, servants, and employees (hereinafter "United States"), collectively, "the parties," by and through their respective attorneys, as follows:

1. The parties to this Stipulation for Compromise Settlement and Release of Federal Tort Claims Act Claims Pursuant to 28 U.S.C. § 2677 (hereinafter "Stipulation") do hereby agree to settle and compromise each and every claim of any kind, whether known or unknown, including claims for wrongful death, arising directly or indirectly from the acts or omissions that gave rise to the above-captioned action under the terms and conditions set forth in this Stipulation.

Page 1 of 14

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

2. This Stipulation is not, is in no way intended to be, and should not be construed as, an admission of liability or fault on the part of the United States, its agents, servants, or employees, and it is specifically denied that they are liable to the Plaintiffs. This settlement is entered into by the parties for the purpose of compromising disputed claims under the Federal Tort Claims Act and avoiding the expenses and risks of further litigation.

3. Within five (5) business days after counsel of record for the United States receives (i) this Stipulation signed by the Plaintiffs and their counsel to said document; (ii) an Order approving the settlement on behalf of I.M., as specified in paragraph 5(b); (iii) a final determination by the New York State Medical Indemnity Fund (hereinafter "Fund") that I.M. is covered by said Fund and that her future medical care costs will be paid by the Fund; (iv) approval of the settlement by the Attorney General of the United States or his designee; (v) the Social Security number or tax identification number of the Plaintiffs and their attorneys, and (vi) an Order, as specified in Paragraph 5(f), dismissing this Action with prejudice, counsel for the United States will request that the Health Resources and Services Administration, Department of Health and Human Services, send the cash sum of Three Million Five Hundred Thousand Dollars ($3,500,000.00) (the "Settlement Amount") to the Plaintiffs, through their attorneys, by check or electronic funds transfer.

4. In consideration of the United States agreeing to settle this action on the terms and conditions set forth herein, the Plaintiffs and Plaintiffs' guardians, heirs, executors, administrators, and assigns hereby agree to:

 a. Accept the terms and conditions of this settlement in full settlement, satisfaction, and release of any and all claims, demands, rights, and causes of action of any kind, whether known or unknown, including any future claims for survival or wrongful death, and any claims for fees,

Page 2 of 14

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

interest, costs, and expenses, arising from, and by reason of, any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, including the death of I.M., or damage to property, and the consequences thereof, which the Plaintiffs or their heirs, executors, administrators, or assigns may have or hereafter acquire against the United States on account of the subject matter of which gave rise to the above-captioned action.

    b.    Reimburse, indemnify, and hold harmless the United States from and against any and all claims, causes of action, liens, rights, or subrogated, contribution, or indemnification interests (whether such claims, causes of action, liens, rights, or subrogated contribution, or indemnification interests sound in tort, contract, or statute) incident to, or resulting or arising from, the acts or omissions that gave rise to the above-captioned action, including claims or causes of action for wrongful death. The Plaintiffs also stipulate and agree to hereby release and forever discharge any claim against any other Defendant (including but not limited to Orange Regional Medical Center, Raja Senguttuvan, M.D., Amanda Hines, N.P., Kirankumar Kantal Kothari, M.D., North American Partners in Anesthesia, L.L.P., and Alice Bach Bast, R.N., collectively, "non-Government Defendants") that is premised on vicarious liability for the alleged conduct of the United States (including but not limited to the U.S. Department of Health and Human Services, the Middletown Community Health Center, and any agents, servants, or employees thereof) and its employees on account of the alleged facts, events, incidents, circumstances, or injuries giving rise to or referred to in this action. All other claims and causes of action by Plaintiffs against the non-Government Defendants may remain and are not dismissed as a result of this Stipulation.

    c.    Plaintiffs shall pay or resolve any and all past, present, and future liens and past, present, and future claims for payment or reimbursement, including any past, present, and future liens or claims for payment or reimbursement by any individual or entity, including an insurance

Page 3 of 14

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

company, Medicaid, and Medicare, arising from the injuries that are the subject matter of this action. The Plaintiffs and their heirs, executors, administrators, or assigns further agree to satisfy or resolve any and all known claims for payment/reimbursement and liens arising from the injuries that are the subject matter of this action before their attorneys distribute to the Plaintiffs any portion of the Settlement Amount paid pursuant to Paragraph 3 above. Plaintiffs agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder has waived and released such lien or claim. The evidence required by the terms of this Paragraph may be satisfied by a letter from Plaintiffs' attorney representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder has waived and released such lien and claim.

   d. Obtain a final determination by the Fund that I.M. is covered by said Fund and that her future medical care costs will be paid by the Fund. In furtherance of this agreement, Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree to apply I.M. for enrollment in the Fund by submitting a complete and accurate application for enrollment and any other documentation or information required for enrollment and by signing any documentation required for enrollment. In the event I.M. is enrolled and accepted in the Fund, the Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that they will submit any documentation or information, and sign any documentation, required to maintain her enrollment in the Fund. In addition, in seeking Court approval of this settlement on behalf of I.M., Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby stipulate and agree to request that the Court find and hold that I.M. has sustained

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

a "birth-related neurological injury;" that she is a "qualified plaintiff" as defined under N.Y. Pub. Health L. §§ 2999-(h)(1) and (h)(4); and that she is therefore eligible for enrollment in the Fund. Plaintiffs and their successors, heirs, executors, administrators, and assigns do hereby further agree that, solely for the purpose of I.M.'s enrollment in the Fund, the Settlement Amount of $3,500,000.00 to be paid by the United States pursuant to this Stipulation shall be for non-Fund damages (*i.e.*, past medical expenses, pain and suffering, lost earnings) and that the anticipated Fund damages (*i.e.*, future medical expenses) shall be Two Million Seven Hundred Twenty-Seven Thousand Two Hundred Seventy-Two Dollars and Seventy-Three Cents ($2,727,272.73), for a total settlement of Six Million Two Hundred Twenty-Seven Thousand Two Hundred Seventy-Two Dollars and Seventy-Three Cents ($6,227,272.73). Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to provide the United States with a copy of Fund's written determination within ten (10) business days of receipt of the notice of the determination. In the event the Fund does not accept I.M. for enrollment and coverage, Plaintiffs and their successors, heirs, executors, administrators, and assigns further agree to appeal or request a review of the Fund's determination, to the extent such rights of appeal or review are available under the law. In the event the final determination of the Fund is to reject I.M. for enrollment, the parties stipulate and agree that the aforementioned "non-Fund damages" and "Fund damages" amounts are not binding on any party and shall be considered compromise offers and negotiations for purposes of Rule 408 of the Federal Rules of Civil Procedure, and therefore the parties agree that they will not offer or use these damages amounts for any other purpose.

e. With respect to the payment of the Settlement Amount, Plaintiffs stipulate and agree that the United States will not sign an annuity application form, a uniform qualified settlement form, or any equivalent such forms, and that the United States will not pay the
Page 5 of 14

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

Settlement Amount into a qualified settlement fund or an equivalent fund or account. Plaintiffs further stipulate and agree that they, their attorney(s), any Guardian Ad Litem, and their representatives (including any structured settlement annuity broker, regardless of whether said broker was retained by them or by someone else, either before, during, or after the settlement) will not attempt to structure the Settlement Amount in any way, form, or manner, including by placing any of the Settlement Amount into any qualified settlement fund or its equivalent. However, nothing in this Paragraph 4(e) precludes Plaintiffs from purchasing non-qualified annuities after Plaintiffs have cashed the Settlement Amount settlement check, but they agree that they will not represent to any person, entity, or agency that they are purchasing qualified structured settlement annuities and they agree they will not attempt to purchase such structured settlement annuities.

5. This compromise settlement is specifically subject to each of the following conditions:

a. The parties must agree in writing to the terms, conditions, and requirements of this Stipulation. The parties stipulate and agree that the Stipulation and the compromise settlement are null and void in the event the parties cannot agree on the terms, conditions, and requirements of this Stipulation. The terms, conditions, and requirements of this Stipulation are not severable and the failure to agree, fulfill, or comply with any term, condition, or requirement renders the entire Stipulation and the compromise settlement null and void. The parties must agree to the terms, conditions, and requirements of this Stipulation before the United States Attorney's Office will seek authority from the Attorney General or the Attorney General's designee to approve this settlement.

b. Plaintiffs must obtain, at their expense, an Order from the United States District Court for the Southern District of New York (the "Court") approving the settlement on behalf of

Page 6 of 14

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

I.M. in the form attached as Exhibit A. The terms and conditions of any such Order must be approved by the United States prior to the Order being submitted to the Court. If any term of such Order is altered by the Court, the settlement is null and void unless the United States and Plaintiffs provide written consent to the change. The Plaintiffs agree to obtain such Order in a timely manner, time being of the essence. The Plaintiffs further agree that the United States may void this settlement at its option in the event such approval is not obtained in a timely manner. In the event the Plaintiffs fail to obtain such court approval, the entire Stipulation and the compromise settlement are null and void. The Plaintiffs must obtain such Order before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

    c. In the event there are any currently known liens or any known claims for payment or reimbursement, including any liens or claims by Medicaid or Medicare, arising out of the subject matter that gave rise to the above-captioned action, whether disputed as legally valid or not, the Plaintiffs must obtain a release and waiver from any State, private entity, or private individual who claims to have such lien or claim. For purposes of this Stipulation, such lien or claim includes but is not limited to, a claim or cause of action for reimbursement for any payments made to or on behalf of the Plaintiffs or a claim or cause of action for reimbursement for any goods or services provided or furnished to or on behalf of the Plaintiffs. Plaintiffs must obtain such release and waiver before the United States will seek settlement authority from the Attorney General or the Attorney General's designee. Plaintiffs and their attorneys agree that, no later than thirty (30) days from the date any past, present, or future lien or claim for payment or reimbursement is paid or resolved by Plaintiffs, they will provide to the United States evidence that said lien or claim has been satisfied or resolved and that said lienholder or claimant has waived and released such lien

Page **7** of **14**

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

or claim. The evidence required by the terms of this paragraph may be satisfied by a letter from Plaintiffs' attorneys representing to counsel for the United States that such lien or claim has been satisfied or resolved and that the lienholder or claimant has waived and released such lien and claim.

d. The Fund must accept I.M.'s application for enrollment and make a final determination that she is covered by the Fund and that the Fund will pay her future medical care costs. The Plaintiffs must obtain such final determination by the Fund before the United States Attorney's Office will seek settlement authority from the Attorney General or the Attorney General's designee.

e. The Attorney General or the Attorney General's designee must approve the terms and conditions of the settlement and authorize the attorney representing the United States to consummate a settlement for the amount and upon the terms and conditions agreed upon by the parties, as set forth in this Stipulation.

f. Within thirty (30) days from the date that the Attorney General or the Attorney General's designee approves the terms and conditions of the settlement, Plaintiffs must submit, at their expense, to the Court a proposed Order dismissing the cause of action against the United States in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the Court not retaining jurisdiction over the settlement or the United States. The proposed order shall be in the form annexed hereto as Exhibit B. The Court must dismiss the cause of action against the United States in its entirety with prejudice, with each side bearing its own costs, expenses, and fees, and with the Court not retaining jurisdiction over this settlement or the United States.

Page **8** of 14

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

g. This Stipulation is subject to there being sufficient funds in the account established pursuant to 42 U.S.C. § 233(k) to pay the Settlement Amount in its entirety.

6. The Parties agree that any attorneys' fees owed by the Plaintiffs in their Federal Tort Claims Act suit against the United States shall not exceed 25% of the Settlement Amount, as required by 28 U.S.C. § 2678. The Parties further agree that any such attorneys' fees, along with any costs and expenses of said action against the United States and any costs, expenses, or fees associated with obtaining any Court approval of this settlement and a final determination by the Fund, will be paid out of the amount paid pursuant to Paragraph 3, above, and not in addition thereto. The Parties also agree that any fees for legal services incurred in the district court, in any court reviewing the settlement for approval purposes, or in obtaining a final determination by the Fund, shall be considered attorneys' fees and not costs, shall be subject to the provisions of 28 U.S.C. § 2678, and shall be paid out of the amount paid pursuant to Paragraph 3, above, and not in addition thereto.

7. The Parties agree that this Stipulation, including all the terms and conditions of this compromise settlement and any additional agreements relating thereto, may be made public in their entirety, and the Plaintiffs expressly consent to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

8. Plaintiffs shall be solely responsible for full compliance with all applicable Federal, state, and local tax requirements. Plaintiffs execute this Stipulation without reliance upon any representation by Defendant as to tax consequences, and Plaintiffs are responsible for the payment of all taxes that may be associated with this settlement. Further, nothing in this Stipulation waives or modifies Federal, state, or local laws pertaining to taxes, offsets, levies, and liens that may apply to this Stipulation or the Settlement Amount proceeds. Plaintiffs execute this Stipulation without

Page **9** of **14**

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

reliance on any representation by Defendant as to the application of any such law. Plaintiffs, on behalf of themselves and their guardians, heirs, executors, administrators, assigns, subrogees, predecessors in interest, and successors in interest, understand and agree that this transaction may be reported to the Internal Revenue Service and other government agencies in the ordinary course of the business of the United States and may be subject to offset pursuant to the Treasury Offset Program.

9. The Stipulation is subject to the satisfaction of all conditions set forth in the Stipulation. If those conditions are not satisfied, this Stipulation shall be null and void, and without force or effect.

10. It is contemplated that this Stipulation may be executed in several counterparts, with a separate signature page for each party. All such counterparts and signature pages, together, shall be deemed to be one document.

11. The Parties understand and agree that a facsimile or pdf copy of signatures may be presented to the Court with the same force and effect as original signatures.

12. The Parties understand and agree that this Stipulation contains the entire agreement between them, and that no statements, representations, promises, agreements, or negotiations, oral or otherwise, between the Parties or their counsel that are not included herein shall be of any force or effect.

**WHEREAS**, the parties accept the terms of this Stipulation for Compromise Settlement and Release as of the dates written below:

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

Executed this 5th day of December, 2019.

GEOFFREY S. BERMAN
United States Attorney for the
Southern District of New York

BY: _____
Allison M. Rovner
Assistant United States Attorney
Counsel for Defendant United States of America
86 Chambers Street
New York, New York 10007
Telephone: (212) 637-2691
Facsimile: (212) 637-2750
E-mail: allison.rovner@usdoj.gov

Page 11 of 14

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

Executed this 25th day of June, 2019.

MERSON LAW, PLLC
COUNSEL FOR PLAINTIFFS

By: *[signature: Jordan Merson]*

Jordan K. Merson, Esq.
Counsel for Plaintiffs
150 East 58th Street, 34th Floor
New York, NY 10155
Telephone: (212) 603-9100
E-mail: jmerson@mersonlaw.com

Page **12 of 14**

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

Executed this 19th day of June, 2019.

I.M., A MINOR

By: *Danielle Hartmann McElnea*
Danielle Hartmann, as mother and natural guardian
of I.M., a minor
McElnea

On the 19 day of June in the year 2019, before me, the undersigned, personally appeared DANIELLE HARTMANN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

NOTARY PUBLIC

COMMONWEALTH OF PENNSYLVANIA
NOTARIAL SEAL
Megan A. Ryan, Notary Public
Milford Boro, Pike County
My Commission Expires Dec. 23, 2020
MEMBER, PENNSYLVANIA ASSOCIATION OF NOTARIES

Page 13 of 14

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)

Executed this 19th day of June, 2019.

DANIELLE HARTMANN, INDIVIDUALLY

*Danielle Hartman McElnea*
Danielle Hartmann, Individually
McElnea

On the 19th day of Jun in the year 2019, before me, the undersigned, personally appeared DANIELLE HARTMANN, personally known to me or proved to me on the basis of satisfactory evidence to be the individual whose name is subscribed to the within instrument and acknowledged to me that she executed the same in her capacity, and that by her signature on the instrument, the individual, or the person upon behalf of which the individual acted, executed the instrument.

_____
NOTARY PUBLIC

Page **14 of 14**

*Hartmann v. United States, et al.*, 16 Civ. 7608 (KMK)
Stipulation for Compromise Settlement and Release
(June 17, 2019)