

2 Westchester Park Drive
Suite 410
White Plains, NY 10604
Tel 914-331-0100
Fax 914-331-0105
www.denleacarton.com

March 3, 2020

**BY ECF**

The Honorable Lewis J. Liman
United States District Court
Southern District of New York
500 Pearl Street, Room 701
New York, New York 1007

        Re:  I.M. (Hartmann) v. United States, et al.
            Docket No.: 1:16-cv-07608(LJL)

Dear Judge Liman:

  My office represents neonatologist Raja Senguttuvan, M.D. in this matter. Dr. Senguttuvan is the "last Defendant standing" after Plaintiff's settlements and dismissals with prejudice of all other parties. In light of Plaintiff's failure to comply with the Court's Order of March 2, 2020, and further to the dictates of that Order, I write to seek dismissal of the case with prejudice.

  Plaintiff previously agreed to provide Defendant authorizations and releases for: (1) the infant's school records since completing Early Intervention in 2017-2018, including the names of schools attended, and (2) the infant's current and correct Pediatric, Gastroenterology, Neurology, and therapy records, from 2017 to present. Plaintiff failed to do so and, as a result, was Ordered to "provide trial authorizations and releases for these records as well as any copies of such records in his possession by 12:00 p.m (noon) EST, Tuesday, March 3, 2020, or face sanctions from the Court up to and including dismissal of the case with prejudice." ECF No. 188.

  That deadline has now passed, and Plaintiff indisputably has failed to comply with the Court's unequivocal directive. In fact, rather than comply with the Court's order, counsel for Plaintiff advised the Court via email, *inter alia*, "I am told that the infant has not seen new providers, and we can work with defense counsel concerning the production of school records. It will take time and I am not sure it can be done by noon tomorrow [March 3]."

  Trial is currently scheduled to begin on Monday, March 9, 2020 – just six days from now. Defendant undeniably has already been prejudiced by Plaintiff's failure to meet its pre-trial obligations. For example, Defendant does not know anything about the infant's current condition or alleged delays in school. This information is directly relevant because in New York, a settlement against one of two or more tortfeasors, "reduces the claim of the releasor against the other tortfeasors to the extent of any amount stipulated by the release or the covenant, or in the amount of the consideration paid for it, or in the amount of the released tortfeasor's equitable share of the damages … whichever is the greatest." General Obligations Law § 15-108.

Plaintiff has already obtained settlements totaling in excess of **$7,000,000**. The significance of this amount is that it not only covers any obstetrical issues, but also any claimed future damages. Accordingly, any putative damages relate only to current and future issues. Given the complete absence of any recent medical care, it appears that the prior settlement more than compensates the plaintiff for any future damages. In order to obtain an award against Dr. Senguttuvan, a jury verdict must exceed $7,000,000. To merit such an outsized award at trial, Plaintiff must proffer competent evidence of the infant's alleged current deficits and delays in school. Plaintiff's failure to provide any such records to date is telling, as it strongly suggests that opposing counsel is playing a game of "chicken," whereby Plaintiff does not actually plan to try this case, but is instead wasting everyone else's resources (the Court's included) to see if, at the last minute, Dr. Senguttuvan will pay a ransom. She will not, because we have absolutely no settlement authority, and do not expect this to change. Our current and pressing concern is that in less than one week, we are being asked to begin a Federal Court trial with absolutely no records as to the claimant's present condition. This is the very definition of a trial by ambush, and is the reason why Judge Walter set in place dismissal as a sanction for what has just been done (or perhaps more artfully, not done).

While we appreciate that the Court has scheduled a Pre-Trial Conference for Thursday afternoon, that, unfortunately, does not vitiate the problem. At this point, it is clear that Plaintiff does not intend to actually try this case. Instead, Defendant fully expects that Plaintiff will simply walk away on the morning of jury selection. Indeed, in this regard, Plaintiff's counsel's failure to contribute to the preparation of "joint" jury instructions and "joint" interrogatories, in addition to his failure to comply with the Court's noon deadline today, is especially telling. Equally telling is Plaintiff's eleventh-hour claim (via email to the Court) that no medical or school records since 2017 are available.

By contrast, and to be clear, my office is fully prepared to try this case. We have invested copious time and expense preparing our defense, and our witnesses are making travel arrangements. While we appreciate that the Court has scheduled a pre-trial conference for Thursday, that unfortunately does not solve the problem of Plaintiff's blatant violation of the Court's Order and resulting prejudice to Defendant.

Accordingly, and respectfully, the proper remedy at this stage is dismissal with prejudice. In the alternative, if the case is not dismissed, plaintiff should be precluded from proving current and future damages, as the outstanding materials are the supporting evidence. Failing that, we would need immediate production of the outstanding materials, and a representation from plaintiff that we are not all wasting our time and resources – that this case will actually proceed to trial.

The Court's attention to this matter is greatly appreciated.

Respectfully submitted,

Denlea & Carton LLP

John L. Leifert

ORDERED that Plaintiff respond to this letter-motion on ECF by 5:00 p.m. on Wednesday, March 4, 2020, addressing why sanctions should not be awarded including dismissal and/or an order precluding proof of current or future damages. The Court will address the letter-motion at the pretrial conference on Thursday, March 5, 2020.
SO ORDERED.
3/3/2020

SO ORDERED.

LEWIS J. LIMAN
United States District Judge