UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------X
I. M., An Infant by her Mother and Natural Guardian,
DANIELLE HARTMANN, and, DANIELLE
HARTMANN, Individually,

              *Plaintiffs*,

-against -

LYNNE DICOSTANZO, M.D., UNITED STATES OF
AMERICA, ORANGE REGIONAL MEDICAL
CENTER, NILA SINGARAVELU, M.D., RAJA
SENGUTTUVAN, M.D., AMANDA HINES, N.P.,
KIRANKUMAR KANTAL KOTHARI, M.D., NORTH
AMERICAN PARTNERS IN ANESTHESIA, L.L.P.,
ALICE BACH BAST, R.N., NATALIE JOUVE, M.D.,
NICOLE BLAIR, M.D., and, BELINDA RUBINO, N.P.,

              *Defendants*.
-------------------------------------------------------------------------X

**INFANT COMPROMISE ORDER CONCERNING SETTLEMENT WITH DEFENDANT ORANGE REGIONAL MEDICAL CENTER ONLY**

Docket No.: 1:16-cv-07608

    Upon reading and filing the affidavit of Danielle McElnea, as mother and natural guardian of the infant herein, sworn to the 27th day of February, 2020, the affirmation of Jordan K. Merson, Esq. dated the 2nd day of March, 2020; the report of Joseph Carfi, M.D. dated January 31, 2018 and the report of Michael Katz, M.D. dated January 16, 2018; and I.M. having been born on March 6, 2015; and is now 4 years of age; and it appearing that I.M. is not competent to settle this action on her own behalf; and upon all of the pleadings and proceedings had herein; and it appearing there from that it is to the best interests of I.M. to settle and compromise the cause of action herein,

    Upon motion of Merson Law PLLC, attorneys for the plaintiffs herein;

    ORDERED, that based upon the financial requirements to have the infant's full name appear on the settlement checks provisions of 22 NYCRR §202.5(e) are hereby waived for good cause, and it is further;

ORDERED, that the actions on behalf of I.M., an infant by her mother and natural guardian, Danielle McElnea, and Danielle McElnea, Individually, Plaintiffs, against Orange Regional Medical Center, for the total settlement value of $391,354.17 consisting of cash payments totaling no more than $250,000.00 in full satisfaction of all New York State Medical Indemnity Fund and Non-New York State Medical Indemnity Fund damages and is in accordance with CPLR Article 12, and is hereby compromised and settled in accordance with and pursuant to the provisions of the New York State Medical Indemnity Fund, Article 2999-D of the Public Health Law ("PHL") of the State of New York, and it is further,

ORDERED, that the infant I.M. qualifies as an infant who sustained a birth related neurological injury as defined under PHL §2999(h) (1), and it is further,

ORDERED, that the action of I.M, an infant by her mother and natural guardian, Danielle McElnea, and Danielle McElnea, Individually, Plaintiffs, against Orange Regional Medical Center, Defendant, is hereby settled and compromised by Orange Regional Medical Center for a total settlement value $391,354.17 which is allocated in the amount of $195,677.08 for non-fund damages as per the New York Medical Indemnity Fund, and $195,677.08 for fund damages as per the New York State Medical Indemnity Fund, and it is further,

ORDERED, in accordance with the New York State Medical Indemnity Fund, defendant Orange Regional Medical Center, and their representatives are required to pay proportionate attorneys' fees (50%) with a reduced sliding scale retainer related to proportionate share as to non-fund damages in accordance with PHL §2999 j (14) in the amount of $38,783.39 on behalf of I.M., an infant; and it is further,

ORDERED, in accordance with the New York State Medical Indemnity Fund, defendant Orange Regional Medical Center, and their representatives are required to pay proportionate

attorneys' fees (50%) with a reduced sliding scale retainer related to proportionate share as to fund damages in accordance with PHL §2999-j (14) in the amount of $38,783.38 on behalf of I.M., an infant; and it is further,

ORDERED, that $154,829.21 shall be made payable to the THE I.M. SETTLEMENT TRUST and it is further,

ORDERED, that $17,243.32 shall be made payable to I.M's mother and natural guardian, Danielle McElnea, as mother and natural guardian of I.M. for her loss of services and it is further,

ORDERED, that the lien amount of $360.70 held by DHS on behalf of Medicaid which will be satisfied with the proceeds of this settlement, there are no other liens or creditors that attach to this action, nor any outstanding medical bills. Further, I.M. was never a Medicare beneficiary.

No other action or proceeding has been commenced on behalf of I.M. as a result of the action in which she suffered injury.

No application for the relief sought herein has been made to any court or judge, and it is further

ORDERED, that all payments for future medical expenses shall be paid in accordance with Title-4 of Article 29(D) of the Public Health Law, in lieu of that portion of the settlement agreement that provides for payment of such expenses. I.M.'s future medical expenses shall be paid in accordance with Title-4 of Article 29(D) of the Public Health Law; and it is further;

ORDERED, that defendant Orange Regional Medical Center, through their representatives shall pay within 21 days and upon presentation of a copy of this Compromise Order, a duly executed General Release, Stipulation of Discontinuance with prejudice and a hold

harmless agreement shall pay $360.70 to DHS in satisfaction of the Medicaid lien and $249,639.30 to Danielle McElnea, as mother and natural guardian of I.M., an infant, and Danielle McElnea, Individually, and Merson Law PLLC as attorneys.

ORDERED, that upon defendant Orange Regional Medical Center, and their representatives and the law office of Martin Clearwater & Bell LLP shall be held harmless an indemnified from any claim and/or lien that may be claimed against this lawsuit, now and in the future, and it is further,

ORDERED, that Danielle McElnea is hereby granted leave to execute a General Release, Settlement Agreement, Hold Harmless Agreement and Stipulation of Discontinuance  and other papers or documents necessary to effectuate the settlement embodied herein.

3/31/2020

SO ORDERED.

_____
LEWIS J. LIMAN
United States District Judge